UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRETT M. HANSEN<br>2001 E. Lohman Ave. Ste. 110 #206<br>Las Cruces, NM 88001,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. ___<br>)<br>)<br>)<br>) |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(Collateral Review of Court-Martial Conviction)

**Introduction**

This is an action for collateral review of a conviction by a general court-martial.

**Jurisdiction**

1. The Court has jurisdiction under 28 U.S.C. § 1331. The federal questions arise under the Sixth Amendment, *see Strickland v. Washington*, 466 U.S. 668, 686 (1984) (Sixth Amendment includes right to effective counsel), and Article 27(b), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 827(b). *United States v. Scott*, 24 M.J. 186, 187-88 (C.M.A. 1987).

**Venue**

2. Venue is proper in this district. 28 U.S.C. § 1391(e).

**Parties**

3. Plaintiff is a commissioned officer in the U.S. Army. He is awaiting dismissal from the service pursuant to the sentence of a general court-martial.

1

4. Defendant is the United States.

## Facts

5. Plaintiff was an active-duty Army officer serving as a licensed Doctor of Osteopathic Medicine, a board certified Neurologist, and was assigned as Chief of the Neuroscience and Rehabilitation Clinic at Eisenhower Army Medical Center, a military hospital in Georgia.

6. On August 30, 2018, Plaintiff saw a female patient (described in the record below as "AV3") who came to his clinic complaining of a severe migraine. During this visit, Plaintiff administered a number of treatments—including Osteopathic Manipulative Treatment (OMT), procedures involving the manipulation of various parts of the body to alleviate pain and restore function.

7. A contemporaneous medical record in the military's electronic medical record system includes sections written by a nurse, Teresa Leslie, who completed the sections for "Screening," "Vitals," and "Medications," including "onobotulinumtoxinA" (Botox).

8. Under the section written by the Plaintiff that same morning, assessment and plan "A/P," the Plaintiff documented that the "[Patient] opted to perform brief OMT which was limited due to time. Indirect techniques with lymphatic drainage, muscle energy, and counterstrain were performed without relief." The medical record reports that a procedure of "Osteopathic Manip Treatment (OMT)" was performed, with "ADDITIONAL PROVIDER(S): LESLIE, TERESA Z."

9. This medical record was the only piece of documentary evidence indicating who was present in the examination room. It indicated that Plaintiff was never alone with the patient.

10. The patient, AV3, later accused Plaintiff of sexually assaulting her during the administration of the osteopathic treatment, alleging that he "vigorously" rubbed her vagina.

11. AV3's allegation gave rise to the general court-martial of Plaintiff for a violation of Article 120, UCMJ, 10 U.S.C. § 920.

12. AV3's testimony was the only evidence proffered by the prosecution to support the charge. No physical or other documentary evidence was offered.

13. Plaintiff was also charged with sexually assaulting three other patients during medical examinations.

14. Plaintiff pled not guilty to all of the charges and was tried by a panel of officers (the military equivalent of a jury). The trial took place from March 25, 2022, to April 1, 2022.

15. The plaintiff was represented by military and civilian defense counsel.

16. At no point during trial did defense counsel seek to admit into evidence the medical record of AV3's August 30, 2018 visit, even though that document indicated that Plaintiff was not alone with AV3 when the assault allegedly occurred.

17. During the prosecution's case-in-chief, AV3 testified against Plaintiff. She stated, "No one else was in the room," and that "When I saw [the record], he had lied in it…. He said that there was a chaperone in the room, and there was not. And it wasn't documented properly."

18. Defense counsel did not attempt to challenge this by introducing the medical record.

19. Nurse Teresa Leslie was also called to the stand. She denied being present when the osteopathic treatment was administered.

20. Defense counsel did not attempt to challenge this by introducing the medical record, even

3

though it indicated that she was present.

21. During the cross-examination of a defense expert, Dr. Samuel Coor, the prosecution suggested that Plaintiff falsified the medical record that stated that Nurse Leslie was present.

22. Defense counsel did not attempt to challenge this by introducing the medical record.

23. Plaintiff was acquitted of all charges relating to the three other patients but was convicted of sexually assaulting AV3 on the August 30, 2018 clinic visit.

24. Plaintiff was sentenced to be dismissed from the Army, and to 18 months' confinement on April 1, 2022.

25. Plaintiff appealed his conviction to the Army Court of Criminal Appeals, arguing that he received ineffective assistance of counsel at trial for, among other reasons, "failure to introduce [the medical record] as direct evidence or as impeachment by contradiction."

26. The Army Court denied relief in an unpublished summary disposition on July 19, 2024, that did not address the issue of the medical record; rather, the disposition recited in a footnote that the court "ha[s] given full and fair consideration to appellant's other assignments of error…and find[s] that they lack merit and warrant neither additional discussion nor relief." *United States v. Hansen*, ARMY 20220162, 2024 CCA LEXIS 297, 2024 WL 3549122 (Army Ct. Crim. App. Jul. 19, 2024) (memorandum op.).

27. Plaintiff appealed this decision to the U.S. Court of Appeals for the Armed Forces (CAAF), re-asserting his ineffective assistance of counsel claim based on the failure to introduce the medical record: "[Trial Defense Counsel] failed to introduce into evidence the only piece of documentary evidence that shed light on what happened in the exam room on the day of the alleged assault…[which] showed that a nurse was in the room at

the time of the alleged assault, making the assault's occurrence highly unlikely."

28. CAAF denied review, without explanation, on November 21, 2024. *United States v. Hansen*, 2024 CAAF LEXIS 29, 2024 WL 5084167 (C.A.A.F. Nov. 21, 2024) (mem.).

## Cause of Action:

## Ineffective Assistance of Counsel

29. The averments of ¶¶ 1-28 are incorporated herein by reference.

30. Military criminal defendants have a right to effective assistance of counsel.

31. Plaintiff was denied effective assistance when his defense counsel failed to introduce the medical record without any strategic reason.

32. Defense counsel's failure constituted deficient performance, and prejudiced Plaintiff's case.

## Relief Requested

33. Plaintiff prays that the Court enter judgment—

(a) declaring that his conviction and sentence were obtained in violation of the Sixth Amendment and 10 U.S.C. § 827;

(b) ordering that his conviction and sentence be expunged and that all rights, privileges, and property of which he has been deprived by reason of the conviction be restored; and

(c) granting such other and further relief as may in the circumstances be just and proper.

Respectfully submitted,

/s/ *Brenner M. Fissell*
BRENNER M. FISSELL
D.C. Bar No. 1026866
408 Saint David's Ave.
Wayne, PA 19087
(518) 231-8532
brenner.fissell@gmail.com

/s/ *Eugene R. Fidell*
EUGENE R. FIDELL
D.C. Bar No. 112003
Feldesman LLP
1129 20th St., N.W., Suite 400
Washington, DC 20036
(202) 256-8675 (mobile)
efidell@feldesman.com

*Attorneys for Plaintiff*

January 8, 2025

Serve:         Attorney General of the United States
               United States Attorney for the District of Columbia
               Secretary of the Army