**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| | ) | |
| BRETT M. HANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-0049 (ABJ) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Brett Hansen brought this action against the United States to challenge his court martial conviction for sexual assault. Compl. [Dkt. # 1] ¶ 2. He claims that his conviction and sentence were obtained in violation of the Sixth Amendment because he was denied effective assistance of counsel. Compl. ¶¶ 29–32. He seeks a declaration "that his conviction and sentence were obtained in violation of the Sixth Amendment and 10 U.S.C § 827," and an order "that his conviction and sentence be expunged and that all rights, privileges, and property of which he has been deprived by reason of the conviction be restored[.]" Compl. ¶ 33(a)–(b).

The government moved to dismiss the complaint for lack of subject matter jurisdiction, or in the alternative, to stay the proceedings pending the D.C. Circuit's decision in *Bergdahl v. United States*, No. 24-5150 (D.C. Cir. filed May 31, 2024). Def.'s Mot. to Dismiss or in Alternative Stay Proceedings [Dkt # 12] ("Def.'s Mot."). The motion is fully briefed. Pl.'s Mem. of P. & A. in Opp. to Def.'s Mot. [Dkt. # 14] ("Pl.'s Opp."); Def.'s Reply in Further Supp. of Def.'s Mot. [Dkt # 17] ("Def.'s Reply"); Pl.'s Notice of Suppl. Authority [Dkt. # 18].

For the reasons stated below, the motion is **DENIED**.

## BACKGROUND

The complaint alleges that plaintiff was an officer in the United States Army who served as a Doctor of Osteopathic Medicine and the Chief of the Neuroscience and Rehabilitation Clinic at the Eisenhower Army Medical Center, a military hospital in Georgia.  Compl. ¶ 5.

On August 30, 2018, plaintiff treated a female patient ("AV3") for a severe migraine headache.  Compl. ¶ 6.  The complaint alleges that plaintiff administered several treatments, including Osteopathic Manipulative Treatment ("OMT"), which involved "the manipulation of various parts of the body to alleviate pain and restore function."  Compl. ¶ 6.  Plaintiff alleges that a "contemporaneous medical record" from the visit documented that the OMT was performed with "ADDITIONAL PROVIDERS(S): LESLIE, TERESA Z," a nurse at the hospital.  Compl. ¶¶ 7–8.

AV3 accused plaintiff of sexually assaulting her during the examination, which led to plaintiff's court martial for sexual assault in violation of Article 120 of the Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. § 920.  Compl. ¶¶ 10–11.  Plaintiff was also charged with sexually assaulting three other patients.  Compl. ¶ 13.

Plaintiff, represented by military and civilian defense counsel, pled not guilty to all the charges and was tried by a panel of officers.  Compl. ¶¶ 14–15.  He alleges that AV3's testimony was the only evidence proffered to support the sexual assault charge, and she testified that "[n]o one else was in the room," and "[w]hen I saw [the record], he had lied in it . . . He said that there was a chaperone in the room, and there was not."  Compl. ¶¶ 12, 17.  Nurse Leslie was also called to the stand, and she denied being present when the osteopathic treatment was administered to AV3.  Compl. ¶ 19.  Plaintiff complains that his counsel did not attempt to introduce the medical record from August 30 in evidence, "even though that document indicated that [p]laintiff was not alone with AV3 when the assault allegedly occurred."  Compl. ¶¶ 16, 18.

The panel found plaintiff guilty of sexually assaulting AV3 and acquitted him on the charges related to the three other patients. Compl. ¶ 23. On April 1, 2022, he was sentenced to eighteen months confinement and dismissal from the Army. Compl. ¶ 24. Plaintiff appealed his conviction to the Army Court of Criminal Appeals, arguing that his defense counsel was ineffective for "fail[ing] to introduce [the medical record] as direct evidence or as impeachment by contradiction," but the court denied relief. Compl. ¶¶ 25, 26, quoting *United States v. Hansen*, ARMY 20220162, 2024 WL 3549122 (Army Crim. App. July 19, 2024). Plaintiff then appealed to the U.S. Court of Appeals for the Armed Forces, and the court denied review on November 21, 2024. Compl. ¶ 27, citing *United States v. Hansen*, No. 24-0230, 2024 WL 5084167 (C.A.A.F. Nov. 21, 2024).

On January 8, 2025, plaintiff filed the instant action asserting one claim of ineffective assistance of counsel under the Sixth Amendment, again on the grounds that his counsel failed to introduce the contemporaneous medical record at trial. Compl. ¶¶ 29–33.

## STANDARD OF REVIEW

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citations omitted); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011). Nevertheless, the court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

3

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F.Supp.2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F.Supp.2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

## ANAYLSIS

The government moves to dismiss on the grounds that: (1) plaintiff's case is a direct appeal of his court martial conviction which the Court lacks jurisdiction to hear; and (2) sovereign immunity bars the suit.

### I.    Plaintiff's claim for collateral review of a court martial conviction falls within the Court's subject matter jurisdiction.

Direct review of a judgment has been defined as one where the "attack on [the] judgment [is] made in the same proceeding as the one in which the judgment was entered; specif[ically]

4

seeking to have the judgment vacated or reversed or modified by appropriate proceedings in either the trial court or an appellate court." Direct Attack, Black's Law Dictionary (12th ed. 2024). By contrast, a collateral review involves "[a]n attack on a judgment in a proceeding *other than a direct appeal*," meaning, "a form of review that is not part of the direct appeal process." *Wall v. Kholi*, 562 U.S. 545, 552 (2011), quoting Collateral Attack, Black's Law Dictionary 298 (9th ed. 2009) (emphasis in original); *see Latney v. United States*, 18 App. D.C. 265, 273 (D.C. 1901) ("[A] collateral attack on a judicial proceeding is an attempt to avoid, defeat or evade it, or to deny its force and effect, in some manner other than in a direct proceeding for its review and correction of errors therein.").

It has been "long acknowledged" that federal courts "lack[] jurisdiction of a direct appeal of a court martial." *McKinney v. White*, 291 F.3d 851, 854 (D.C. Cir. 2002). But it is well-established, and defendant agrees, that a district court has jurisdiction to review a collateral attack on a court martial conviction. *See e.g.*, *U.S. ex rel. New v. Rumsfeld*, 448 F.3d 403, 406 (D.C. Cir. 2006) (the district court had jurisdiction to review the plaintiff's collateral attack on his court martial conviction under 28 U.S.C. § 1331); *see also Kauffman v. Sec'y of the Air Force*, 415 F.2d 991, 994–96 (D.C. Cir. 1969) (federal courts have jurisdiction to hear a claim seeking to have a court martial conviction declared void even if the party seeking the remedy is not in custody); Def.'s Mot. at 6 (explaining that courts have jurisdiction over collateral review cases).

Here, the military court rendered judgment against plaintiff, and the conviction was upheld on direct appeal to the Army Court of Criminal Appeals and then the U.S. Court of Appeals for the Armed Forces. The instant complaint challenges the validity of the conviction under the Sixth Amendment in a separate proceeding in the federal district court, so it is a collateral challenge that

5

falls within the Court's federal question jurisdiction.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution . . . .").

Citing *Schlesinger v. Councilman*, 420 U.S. 738 (1975), and *McKinney v. White*, 291 F.3d 851 (D.C. Cir. 2002), the government argues that the case is a direct appeal because plaintiff seeks declaratory judgment and expungement as remedies, and "[s]uch action directly on the judgment is characteristic of direct review."  Def.'s Mot. at 5–6, 9; Def.'s Reply at 3.

But those cases do not bar the relief sought here.  In *Schlesinger*, the plaintiff was actively facing court martial charges.  420 U.S. at 741.  The military court denied his motion to dismiss the charges for lack of jurisdiction, and he brought an action in the federal district court seeking emergency relief "to prevent his impending court martial."  *Id*.  The Court held that the district court had subject matter jurisdiction, but that emergency intervention into an active court martial adjudication "by injunction or otherwise" was not warranted.  *Id.* at 740, 753–54.  *McKinney* involved a plaintiff who had been found guilty in a court martial, and he brought action in the federal court under the Administrative Procedure Act to challenge the military court's denial of a post-trial motion.  291 F.3d at 851–52.  The D.C. Circuit held that the APA did not provide a cause of action to review the military court's decision because the statute specifically precluded review of "courts martial and military commissions."  *Id.* at 853; *see* 5 U.S.C. § 701(b)(1)(F) (listing entities precluded from the APA's definition of "agency" subject to judicial review).

Neither of the cases is pertinent to the question of whether this Court has jurisdiction over plaintiff's complaint seeking a declaration that his conviction and sentence were obtained in violation of the Sixth Amendment.  *Schlesinger* itself explained that the district court has jurisdiction over a collateral attack seeking, "as a necessary incident to relief otherwise within the court's power to grant, a declaration that a judgment is void."  420 U.S. at 746–47.  Plaintiff in

this case seeks such a declaration, and therefore, the Court has subject matter jurisdiction to consider that request.  The Court cannot, however, order that plaintiff's conviction and sentence be expunged.  Such relief would be characteristic of a direct appeal outside of the Court's jurisdiction.  *McKinney*, 291 F.3d at 854.

## II.    Sovereign immunity does not bar the suit.

The government also argues that the complaint should be dismissed because plaintiff failed to identify the "applicable waiver of sovereign immunity."  Def.'s Mot. at 10.

Although the statue conferring jurisdiction over a case raising a federal question does not serve as a waiver of sovereign immunity, *Swan v. Clinton*, 100 F.3d 973, 980 (D.C. Cir. 1996), in this Circuit, sovereign immunity has never operated as a bar to the court's collateral review of a court martial conviction.  In *Sanford v. United States*, 586 F.3d 28, 29 (D.C. Cir. 2009), the Court decided whether the plaintiff's court martial by a five-member panel violated the Sixth Amendment's requirement of six-person juries set in *Ballew v. Georgia*, 435 U.S. 223 (1978).  In *United States ex rel. New v. Rumsfeld*, 448 F.3d 403 (D.C. Cir. 2006), the Court addressed the plaintiff's "collateral attack" of his court martial conviction that accused the military court of several constitutional errors.  *Id.* at 405, 408–11.  These cases were decided on the merits, and no sovereign immunity or other jurisdictional ground precluded the Court's review.  *Sanford*, 586 F.3d at 37; *Rumsfeld*, 448 F.3d at 405, 411.

Also, at least two courts in this district have rejected the argument that sovereign immunity bars the court from considering a collateral action attacking a court martial conviction.  The court in *Tinsley v. United States*, Civ. Action No. 24-2988, 2025 WL 1167958 (D.D.C. Apr. 22, 2025), stated that *Schlesinger* and *Rumsfeld* "dispose[d] of [d]efendant's contentions that sovereign immunity" barred plaintiff's collateral attack.  *Id.* at *1.  And in *Cothran v. Dalton*, 83 F. Supp. 2d

7

58 (D.D.C. 1999), the court noted previous cases in which the D.C. Circuit affirmed the availability of collateral review of a court martial conviction, and it observed:

> It is true that the D.C. Circuit has never held specifically that sovereign immunity is not a bar to hearing such suits. However, a sovereign immunity claim by the United States alleges a deficiency in jurisdiction. *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1216 (D.C. Cir. 1997). Thus, the fact that the D.C. Circuit has affirmatively and repeatedly held that jurisdiction exists compels the conclusion that sovereign immunity is no bar.

*Id.* at 64 (citation modified), citing *Kauffmann*, 415 F.2d at 995, *Homcy v. Resor*, 455 F.2d 1345 (D.C. Cir. 1971), and *New v. Cohen*, 129 F.3d 639 (D.C. Cir. 1997).

The Court finds that reasoning persuasive, and applying those authorities, the Court concludes that sovereign immunity does not bar the instant suit.

### III.    The Court will not stay the proceedings.

As an alternative to deciding the motion to dismiss, the government asks that the Court stay the proceedings pending the decision in *Bergdahl v. United States*, No. 24-5150 (D.C. Cir. filed May 31, 2024), because the case presents the same issue: whether a district court has jurisdiction to hear a suit seeking to eliminate a court marital judgment. Def.'s Mot. at 11.

In *Bergdahl v. United States*, the plaintiff sought collateral review of his court martial conviction, alleging violations of the Fifth Amendment, the Rules for Courts-Martial ("R.C.M."), and the Rules of Judicial Conduct for Army Trial and Appellate Judges. 683 F. Supp. 3d 24, 34 (D.D.C. 2023). The district court considered whether the miliary judge's failure to disclose a job application for appointment as an immigration judge gave rise to questions concerning his impartiality that would require mandatory recusal under R.C.M. 902(a). *Id.* at 61–71. It granted summary judgment in favor of the plaintiff, holding that the application created an

appearance of partiality requiring recusal under R.C.M. 902(a), and it vacated all "orders and rulings" issued by the military judge. *Id.* at 71. That is the ruling on appeal at this time.

It is true that one of the many issues that the *Bergdahl* litigants appealed to the D.C. Circuit was whether the district court had jurisdiction over the case in the first place, and the government did argue that the suit was barred by sovereign immunity. *See* Opening Br. for Appellant-Cross-Appellee, *Bergdahl*, No. 24-5150 (D.C. Cir. Apr. 7, 2025) at 3 (statement of the issues); *see id.* at 30 (a one paragraph argument regarding sovereign immunity). But the district court's ruling was not predicated on a constitutional violation, and its order went directly to the integrity of the military proceedings. Therefore, the Court will not exercise its discretion to stay this case, although that ruling could be revisited depending upon the nature and scope of the Circuit's decision.

## CONCLUSION

For the forging reasons, defendant's motion to dismiss or, in the alternative, to stay proceedings [Dkt. # 12] is **DENIED**.

AMY BERMAN JACKSON
United States District Judge

DATE: July 27, 2026

9